WILLIAMS *v.* PILE.

(*Nashville.* March 12, 1900.)

CHANCERY COURT. *Enjoins judgment for cost, when.*

Chancery Court will enjoin the judgment of a Court of Law, adjudging costs upon continuance of a case, where it was obtained or rendered by fraud, accident, or mistake, and the complaining party is free from fault.

Cases cited and approved: Williams *v.* Tenpenny, 11 Hum., 176; Rowland *v.* Jones, 2 Heis., 321.

2. SAME. *Same.*

And the Chancery Court will grant relief in such case, in the exercise of its own inherent jurisdiction, although the party might also obtain relief at law by writ of error *coram nobis.*

FROM FENTRESS.

Appeal from Chancery Court of Fentress County· W. R. HICKS, Ch.

O. C. CONATSER for ·Williams.

SMITH & SMITH for Pile.

BEARD, J. The bill in this cause was filed to enjoin an execution for a very large amount ·of costs accrued in the progress of the suit of

20 P—18

*Pile* v. *Williams,* pending in the Circuit Court of Fentress County. It is averred that when the above mentioned case was called for trial in that Court, the complainant, who was there defendant, being then present with his counsel and witnesses, announced himself ready, but that the plaintiff, who is here defendant, stated that he was not ready, and "that thereupon the presiding Judge directed the Clerk to continue the cause without terms until the next term of the Court." It is further alleged, that after the disposition of the case the complainant and his witnesses left the Court and went to their respective homes, and thereafter an order was entered on the minutes of the Court continuing the cause as upon application of the present complainant, and upon payment of all costs, giving judgment against him for the costs and awarding execution therefor.

The bill charges that this judgment was entered by fraud, accident, or mistake, and that no such judgment was obtained, and the Chancery Court was asked by decree to annul the same, and to perpetually enjoin the execution issued in pursuance of it.

The Chancellor dismissed the bill on demurrer. The cause has been appealed, and this action of the Chancellor is now assigned for error.

It is true the Chancery Court would have no jurisdiction to revise the action of the Circuit Judge in granting a continuance or awarding costs

thereupon.    That, however, is not this case.    On the contrary, the present is one where an order of continuance is made, accepted by the party now complaining in good faith as the disposition of the cause for that term, and then the entry of another order, different in material respects and oppressive to the last degree, without notice to him or to his counsel, until called to his attention after the final adjournment of the Court, by an officer with an execution issued thereon.

Whether this last entry was the result of fraud, accident, or mistake, we do not doubt the jurisdiction of a Court of Equity to intervene by a decree perpetually enjoining this execution.    Recognizing to the full the holding of the Court in *Bank of Tennessee* v. *Patterson,* 8 Hum., 361, we have presented in this bill a case falling within an exceptional class saved from that holding. That case and kindred cases, while announcing the general rule that judgments of Courts of Record are of such high verity that their existence or contents cannot be impeached by parol evidence, yet except from the operation of this rule those judgments which "have been obtained by fraud, inevitable accident or surprise when the party seeking to set them aside is in no default himself." *Williams* v. *Tenpenny,* 11 Hum., 175; *Rowland* v. *Jones,* 2 Heis., 321.

It is unnecessary to determine whether complainant had a remedy against the wrong done

to him by a writ of error *coram nobis.* Even if this was a case which could be reached by that writ, this did not deprive the Chancery Court of its inherent jurisdiction to interfere.

The decree of the Court of Chancery Appeals reversing the Chancellor and remanding the cause for answer is affirmed.